UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| WILLIE NEWMAN, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | No. 1:16-cv-01587-SEB-DLP |
| | ) | |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Respondent. | ) | |

**Entry Denying Motion for Relief Pursuant to
28 U.S.C. § 2255 and Denying Certificate of Appealability**

**I. The 28 U.S.C. § 2255 Motion**

**A. Background**

In 1996, Mr. Newman was charged with a two-count indictment for armed robbery in violation of 18 U.S.C. § 2113(a)(d) (Count 1) and the use of a firearm during a crime of violence in violation of 18 U.S.C. § 924(c) (Count 2). Dkt. 15-1, p. 3. The United States filed an Information pursuant to 18 U.S.C. 3559(c) providing that Mr. Newman had been convicted of two or more serious violent felonies. Dkt. 15-1, pp. 14-16. *See United States v. Newman*, 1:96-cr-00080-SEB-DKL-1.

Mr. Newman's adjusted offense level was 20 for Count 1. Two levels were added because the property of a financial institution was taken. Five levels were added because a firearm was brandished during the commission of the crime. One level was added because the loss was more than $13,598.00. This gave Mr. Newman a total offense level of 28. Dkt. 15-1, pp. 4-5. Mr. Newman was determined to be a career offender under the sentencing guidelines based on the predicate convictions for armed bank robbery in 1977 and armed robbery in 1985. Dkt. 15-1, pp. 8-9. This increased Mr. Newman's offense level to 34. Dkt. 15-1, p. 5. Based on an offense level

of 34 and criminal history category of VI, the guidelines range for Count 1 was 262 to 327 month. *Id*. However, based on the Information filed by the government, Mr. Newman was subject to a mandatory life sentence pursuant to 18 U.S.C. § 3559(c). Dkt. 15, pp. 14-16. On August 28, 1997, Mr. Newman was sentenced to a term of life imprisonment.

Mr. Newman filed a notice of appeal on August 28, 1997. On June 15, 1998, the Seventh Circuit affirmed his conviction and sentence. *United States v. Newman*, 144 F.3d 531 (7th Cir. 1998). The Seventh Circuit rejected Mr. Newman's argument that he was sentenced incorrectly and found that because he was sentenced to life imprisonment pursuant to 18 U.S.C. § 3559(c)(1) it rendered any other sentencing determinations irrelevant. *Id.* at 543-44.

### B. Standard

A motion pursuant to 28 U.S.C. § 2255 is the presumptive means by which a federal prisoner can challenge his conviction or sentence. *See Davis v. United States*, 417 U.S. 333, 343 (1974). A court may grant relief from a federal conviction or sentence pursuant to § 2255 "upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack." 28 U.S.C. § 2255(a). The scope of relief available under § 2255 is narrow, limited to "an error of law that is jurisdictional, constitutional, or constitutes a fundamental defect which inherently results in a complete miscarriage of justice." *Borre v. United States*, 940 F.2d 215, 217 (7th Cir. 1991) (internal citations omitted).

### C. Discussion

Mr. Newman filed his motion for relief pursuant to 28 U.S.C. § 2255 on June 22, 2016, based on *Johnson v. United States*, 135 S. Ct. 2551 (2015). His counsel withdrew on March 2,

2017, and Mr. Newman was directed to file a motion to voluntarily dismiss this action or file a brief in support of his motion for relief pursuant to § 2255. Mr. Newman did neither. The respondent filed a brief in response on October 12, 2017.

**Mr. Newman's *Johnson* claim:**

In his motion for relief pursuant to 28 U.S.C. § 2255, Mr. Newman argues that he is no longer a career offender based on the holding in *Johnson* because his armed bank robbery and armed robbery convictions no longer qualify as crimes of violence.

Mr. Newman is not entitled to relief under *Johnson*. The Supreme Court in *Johnson* held that the so-called residual clause of the Armed Career Criminal Act ("ACCA") was unconstitutionally vague. The Seventh Circuit summarized *Johnson*'s impact on the ACCA:

> The [ACCA] . . . classifies as a violent felony any crime that "is burglary, arson, or extortion, involves use of explosives, or otherwise involves conduct that presents a serious potential risk of physical injury to another". The part of clause (ii) that begins "or otherwise involves" is known as the residual clause. *Johnson* holds that the residual clause is unconstitutionally vague.

*Stanley v. United States*, 827 F.3d 562, 564 (7th Cir. 2016). *Johnson*'s holding is a new rule of constitutional law that the Supreme Court made retroactive in *Welch v. United States*, 136 S. Ct. 1257 (2016). *See Holt v. United States*, 843 F.3d 720, 722 (7th Cir. 2016).

On August 28, 1997, the Court sentenced Mr. Newman to a mandatory term of life imprisonment pursuant to 18 U.S.C. § 3559(c)(1) (the three strikes provision).

18 U.S.C. § 3559(c)(1) states in relevant part:

> Mandatory Life Imprisonment. – Notwithstanding any other provision of law, a person who is convicted in a court of the United States of a serious violent felony shall be sentenced to life imprisonment if –
> (A) the person has been convicted (and those convictions have become final) on separate prior occasions in a court of the United States or of a state of –
> (i) 2 or more serious violent felonies;

The statute (18 U.S.C. § 3559(c)(1)) defines the term "serious violent felony" three ways: through the enumerated offense clause, the elements/use of force clause, and the residual clause. The enumerated clause of § 3559(c)(2)(F)(i) defines "serious violent felony" as:

> (i) a Federal or state offense, by whatever designation and wherever committed consisting of, . . . robbery (as described in section 2111, 2113, or 2118) . . . .

Section 2113 defines bank robbery and incidental crimes as:

> (a) whoever, by force and violence, or by intimidations, takes or attempts to take, from the person or presence of another, or obtains or attempts to obtain by extortion any property or money or any other thing of value belonging to, or in the care, custody, control, management, or possession of, any bank, credit union, or any savings and loan association.

18 U.S.C. § 2113.

Section 2118 defines robberies as:

> (a) whoever takes or attempts to take from the person or presence of another by force or violence or by intimidation any material. . . .

18 U.S.C. § 2118.

Mr. Newman was not sentenced under the ACCA enhancement under § 924(e), nor the residual clause of § 3559, but rather was sentenced pursuant to the enumerated clause of § 3559. The enumerated clause and elements clause of § 3559 are not impacted by the holding in *Johnson* because *Johnson* only dealt with the residual clause of the ACCA. *United State v. Armour*, 840 F.3d. 904, 907 (7th Cir. 2016) (stating that *Johnson* and *United States v. Hurlburt*, 835 F.3d 715 (7th Cir. 2016) left "intact the 'elements clause' of the 'crime of violence' definition under § 4B1.2(a)(1)"). The holding in *Johnson* and subsequent cases relating to residual clauses are not applicable here because Mr. Newman's mandatory life sentence was imposed pursuant to the enumerated clause of § 3559(c)(2)(F)(i).

## D. Conclusion

For the reasons explained in this Entry, Mr. Newman is not entitled to relief on his § 2255 motion. His sentence is not unconstitutional. Accordingly, his motion for relief pursuant to § 2255 is **denied** and this action is **dismissed with prejudice**. Judgment consistent with this Entry shall now issue and **a copy of this Entry shall be docketed in No. 1:96-cr-00080-SEB-DKL-1.** The motion to vacate shall also be terminated in the underlying criminal action.

## II. Certificate of Appealability

Pursuant to Federal Rule of Appellate Procedure 22(b), Rule 11(a) of the Rules Governing § 2255 proceedings, and 28 U.S.C. § 2253(c), the Court finds that reasonable jurists would not find "it debatable whether the petition states a valid claim of the denial of a constitutional right" and "debatable whether [this court] was correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). The Court therefore **denies** a certificate of appealability.

**IT IS SO ORDERED**.

Date: 7/10/2018

SARAH EVANS BARKER, JUDGE
United States District Court
Southern District of Indiana

Distribution:

WILLIE NEWMAN
00741-192
GREENVILLE - FCI
GREENVILLE FEDERAL CORRECTIONAL INSTITUTION
Inmate Mail/Parcels
P.O. BOX 5000
GREENVILLE, IL 62246

Brian L. Reitz
UNITED STATES ATTORNEY'S OFFICE (Indianapolis)
brian.reitz@usdoj.gov

James Robert Wood
UNITED STATES ATTORNEY'S OFFICE
bob.wood@usdoj.gov